| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| District of Delaware |
| Case number *(If known)*: _____  Chapter 11 |

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   The Original Soupman, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   27-3003182

4. **Debtor's address**

   **Principal place of business**

   1110 South Ave.
   Suite 100
   Staten Island, NY 10314

   Richmond County
   County

   **Mailing address, if different from principal place of business**

   **Location of principal assets, if different from principal place of business**

5. **Debtor's website** (URL)    www.originalsoupman.com

6. **Type of debtor**

   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor  The Original Soupman, Inc.  Case number (if known) _____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

___ ___ ___ ___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When ____/____/_____  Case number _____
                                              MM / DD / YYYY
           District _____  When ____/____/_____  Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  See Attachment 1                 Relationship _____
        District  District of Delaware              When ____/____/_____
                                                  MM / DD / YYYY
        Case number, if known _____

Debtor  The Original Soupman, Inc.                                    Case number *(if known)*_____
        Name

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?**

**Is the property insured?**
☐ No
☐ Yes. Insurance agency _____
       Contact name _____
       Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:
☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49              ☐ 1,000-5,000       ☐ 25,001-50,000
☒ 50-99             ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199           ☐ 10,001-25,000     ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000             ☒ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000       ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000      ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million    ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

Voluntary Petition for Non-Individuals Filing for Bankruptcy

Debtor  The Original Soupman, Inc.  Case number (*if known*) _____
       Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/13/2017
             MM / DD / YYYY

✗ /s/ Jamieson Karson            /s/ Jamieson Karson
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✗ /s/ Christopher A. Ward        Date  06/13/2017
Signature of attorney for debtor               MM / DD / YYYY

Christopher A. Ward
Polsinelli PC

302-252-0920           cward@polsinelli.com
Contact phone                 Email address

3877                    DE
Bar number                   State

_____       _____
Contact phone               Email address

_____       _____
Bar number                State

**Attachment 1 to Voluntary Petitions**
**<u>Pending Bankruptcy Cases filed by Affiliates</u>**

1. Soupman, Inc.

2. The Original Soupman, Inc.

3. Kiosk Concepts, Inc.

## UNANIMOUS WRITTEN CONSENT

### June 12, 2017

Effective as of the date written above, the members of the board of directors (the "Board") of Soupman, Inc. (the "Parent Company"), The Original Soupman, Inc. ("Operating Company") and Kiosk Concepts, Inc. ("Kiosk Concepts", and each of Parent Company, Operating Company and Kiosk Concepts are referred to herein as a "Company" and together, the "Companies"), each are corporations duly organized and validly existing under the laws of the State of Delaware, hereby take the following actions and unanimously adopt the following resolutions following board meetings held on June 9, 2017 and June 11, 2017 (together, the "Board Meetings") pursuant to each such Company's articles of incorporation, by-laws and the applicable laws of the jurisdiction where such Company is organized:

WHEREAS, at prior meetings and at the Board Meetings, the Board of each such Company has reviewed the materials presented by the management and legal advisers of the such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to the Companies, and the impact of the foregoing on such Company's business; and

WHEREAS, the Board has had the opportunity to consult with the management and legal advisers of the Companies and fully consider each of the strategic alternatives available to the Companies;

NOW THEREFORE BE IT RESOLVED that in the judgment of the respective Board of each Company, it is desirable and in the best interests of such Company, its creditors, stockholders, and other parties in interest, that such Company file or cause to be filed voluntary petitions for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

RESOLVED that Jamie Karson, in his capacity as the Chief Executive Officer of each Company, and such other officers as may be designated by the Chief Executive Officer (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered to execute and file on behalf of each Company all petitions, schedules, lists and other papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief;

RESOLVED that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to continue to employ the law firm of Polsinelli PC as counsel to represent and assist each Company in carrying out its duties under title 11 of the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Polsinelli PC;

RESOLVED that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ Michael Wyse to serve as the Chief Restructuring Officer and Interim Chief Financial Officer of the Parent Company to and assist each Company in carrying out its duties under title 11 of the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain Mr. Wyse's services;

RESOLVED that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, Inc. ("Epiq") as notice and claims agent to represent and assist each Company in carrying out its duties under title 11 of the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed appropriate applications for authority to retain the services of Epiq; and

RESOLVED that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under title 11 of the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED that each of the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized and empowered for, in the name of and on behalf of each Company to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions;

RESOLVED that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

IN WITNESS WHEREOF the undersigned have executed this consent as of this 12th day of June, 2017.

 

Jamie Karson
Chief Executive Officer and Board Member

_____
Ronald L. Crane
Board Member

3

58822314.3

IN WITNESS WHEREOF the undersigned have executed this consent as of this 12th day of June, 2017.

_____
Jamie Karson
Chief Executive Officer and Board Member

_____
Ronald L. Crane
Board Member

3