## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE ORIGINAL SOUPMAN, INC., *et al.*,[1] | Case No. 17-11313 (LSS ) |
| Debtors. | Joint Administration Requested |
| | Re Docket No. 24 |

**WEALTHCOLONY MANAGEMENT GROUP, LLC'S PRELIMINARY OBJECTION TO MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507, FED. R. BANKR. P. 2002, 4001, 6004 AND 9014 AND DEL. L. R. BANKR. P. 4001-2 (I) AUTHORIZING THE DEBTORS TO OBTAIN FIRST PRIORITY AND PRIMING POSTPETITION FINANCING, (II) AUTHORIZING USE OF CASH COLLATERAL, (III) GRANTING LIENS AND SUPER-PRIORITY CLAIMS, (IV) GRANTING ADEQUATE PROTECTION TO PREPETITION LENDERS, (V) SCHEDULING A FINAL HEARING, AND (VI) GRANTING RELATED**

WealthColony Management Group, LLC the general partner (the "General Partner") of WealthColony SPV II, L.P. ("WC SPV II"), by and through its undersigned counsel, hereby files this Preliminary Objection (the "Objection") to the Debtors' Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507, Fed. R. Bankr. P. 2002, 4001, 6004 and 9014 and Del. L. R. Bankr. P. 4001-2 (I) Authorizing the Debtors to Obtain First Priority and Priming Postpetition Financing, (II) Authorizing Use of Cash Collateral, (III) Granting Liens and Super-Priority Claims, (IV) Granting Adequate Protection to Prepetition Lenders, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief (the "DIP Motion").[2] In support of its Objection, WealthColony respectfully represents the following:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: The Original Soupman, Inc. (0182); Soupman, Inc. (8630); and Kiosk Concepts, Inc. (4839). The location of the Debtors' corporate headquarters and the service address for the Debtors is 1110 South Ave., Suite100, Staten Island, NY 10314.

[2] Capitalized terms not otherwise defined herein shall have their meaning as set forth in the DIP Motion.

**PRELIMINARY STATEMENT**

1.  WealthColony submits this preliminary Objection to advise the Court that it objects to the DIP financing proposal by the Debtors. By its DIP Motion, the Debtors seek authority on an interim and final basis to obtain a DIP Loan that provides first priority and priming postpetition financing in the form of a $2,000,000 term loan, of which $1,000,000 is available on an interim basis. The DIP Loan includes, among other things, a two percent (2%) Commitment Fee and two percent (2%) Funding Fee that are earned and payable in cash at the time of the entry of the interim order. The DIP Loan also provides for an annual rate of interest of fifteen percent (15%).

2.  In addition to its objections to the fees related to the DIP Loan, WealthColony questions whether $1,000,000 is required to be funded on an interim basis. Based upon its limited review of the Budget in the compressed timeframe since the DIP Motion was filed, WealthColony believes the full interim amount does not need to be funded immediately. Finally, this Court should not permit the Debtors to obtain post-petition financing that may grant the postpetition lender excessive control over the bankruptcy process. Because failure to adhere to the Chapter 11 Milestones are events of default and the DIP Lender will have credit bid rights, it appears that the proposed sale process will be run for the benefit of the DIP Lender and not for the benefit of all creditors. Accordingly, for the reasons set forth below as well as the facts set forth in the Declaration of Joseph Hagan ("Hagan Decl.") submitted in support of the Objection, the Court should deny the Debtors' interim request or, in the alternative, reduce the amount of the interim funding.

**BACKGROUND**

3.     On June 13, 2017 (the "Petition Date"), each of the above-captioned Debtors filed with this Court voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq..

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     The DIP Motion was originally filed on June 15, 2017.  [Docket No. 18].  On June 16, 2017 the Debtors withdrew the original DIP Motion [Docket No. 23].  The DIP Motion was refiled on June 16, 2017 [Docket No. 24].

**Preliminary Objection**

**WealthColony has serious concerns about the existing management team.**

6.     As the Court may be aware, on May 23, 2017, the Chief Financial Officer and President, Robert Bertram was indicted on federal tax fraud charges including failure to pay Medicare, Social Security and federal income taxes for the Debtor employees.

7.     WealthColony has also been advised that other principals of the Debtor are being investigated as well.

8.     WealthColony has sent numerous requests to the Debtors in an attempt to obtain information about the financial operations of the companies in order to salvage the situation only to be repeatedly ignored by the Debtors.  Hagan Decl. ¶¶ 6-9.

9. WealthColony expects to retain written consents from holders of shares representing more than 51% of the voting power represented by Debtors outstanding capital stock to remove Debtors existing management and replace it with a new management team. This procedure could be completed in a matter of weeks and would significantly improve the Debtors ability to obtain better financing. Hagan Decl., ¶ 13.

10. The Court should not permit the Debtors to permit such onerous terms on the Debtors at this early stage in the bankruptcy proceedings in light of the malfeasance of management and the potential for more favorable funding in the very near future.

**The DIP Facility Should Not Be Approved Because Alternative Financing with Better Terms May be Available.**

11. The Debtors do not satisfy their burden under Bankruptcy Code section 364 of demonstrating that less expensive and less restrictive financing is unavailable to them. Bankruptcy Code section 364(d) "requires the Debtor to demonstrate that less onerous postpetition financing was unavailable." In re Reading Tube Indus., 72 B.R. 329, 332 (Bankr. E.D. Pa. 1987). On this issue, "it is important for a bankruptcy court to make a qualitative assessment of the credit transaction in light of readily available alternatives before granting any [Bankruptcy Code section] 364 motion. Since such a qualitative analysis is necessary in considering every [Bankruptcy Code section] 364 motion, it should not be neglected in deciding whether to grant a [Bankruptcy Code section] 364(d) motion." In re Aqua Assocs., 123 B.R. 192, 196 (Bankr. E.D. Pa. 1991).

12. It is clear that the Debtors have not obtained financing on the most advantageous terms available. WealthColony provided alternative financing options; however, the Debtors ignored these offers. Hagan Decl., ¶ 6. WealthColony also believes more advantageous financing is available provided management is replaced. *Id*. at ¶ 14.

**The Proposed DIP Facility Is Not "Fair, Reasonable and Adequate" Because the Interim DIP Loan is Not Necessary for the Operation of the Debtors**

13. In order to obtain postpetition secured financing under section 364(d) of the Bankruptcy Code, a debtor bears the burden of demonstrating, among other things, that: (i) it is unable to obtain unsecured credit; (ii) the credit transaction is necessary to and in fact does preserve the assets of the estate; and (iii) the terms of the proposed financing are fair, reasonable and adequate, given the circumstances of the debtor-borrower and the proposed lender.  See In re Aqua Assocs., 123 B.R. at 196 ("credit should not be approved when it is sought for the primary benefit of a party other than the debtor. . ."); In re Ames Dep't Stores, Inc., 115 B.R. 34, 39 (Bankr. S.D.N.Y. 1990) ("[A] proposed financing will not be approved where it is apparent that the purpose of the financing is to benefit a creditor rather than the estate.").

14. The Debtors cannot carry their burden under section 364 of the Bankruptcy Code because the DIP Facility is not "fair, reasonable and adequate."  It appears from the Budget that, on an interim basis, the Debtors may only need $600,000 on an interim basis until a final hearing.  The Debtors should not be permitted to borrow more than is necessary at this stage.  A DIP Loan that (i) may grant the postpetition lender excessive control over the bankruptcy process, (ii) includes charges over $100,000 in initial fees, and (iii) imposes an interim DIP Loan that may not be necessary and will be part of a credit bid of the DIP Lender cannot be considered "fair, reasonable and adequate."

**RESERVATION OF RIGHTS**

15. WealthColony expressly reserves the right to amend or supplement this Objection, to introduce evidence at any hearing with respect thereto, and to file additional and supplemental objections and pleadings.

**NOTICE**

16.     Notice of this Objection has been provided to (i) counsel for the Debtors, (ii) the Office of the United States Trustee, and (iii) counsel Soupman Lending, LLC.

**CONCLUSION**

For all of the foregoing reasons, WealthColony respectfully requests that the Court: (i) deny interim approval of the DIP Facility and entry of the Interim DIP Order, (ii) in the alternative, reduce the amount of the interim DIP Loan, and (iii) grant such other relief as the Court deems just, proper and equitable.

Dated:  June 20, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Colin R. Robinson (Bar No. 5524)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
(Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: crobinson@pszjlaw.com

and

Philip D. Forlenza
Donald F. Campbell, Jr.
Giordano Halleran & Ciesla
125 Half Mile Road
Suite 300
Red Bank, NJ 07701-6777
Telephone:  732-219-5483
Facsimile:  732-224-6599
Email:  pforlenza@ghclaw.com
           dcampbell@ghclaw.com

*Counsel to WealthColony Management Group, LLC*