# EXHIBIT A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| THE ORIGINAL SOUPMAN, INC., *et al.*, | Case No. 17-11313 (LSS) |
| Debtors.¹ | Jointly Administered |
| | **Re: Docket No. ___** |

**ORDER AUTHORIZING THE DEBTORS, PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B), TO (I) RETAIN WYSE ADVISORS LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND (II) DESIGNATE MICHAEL WYSE AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS,
<u>*NUNC PRO TUNC* TO THE PETITION DATE</u>**

Upon consideration of the motion (the "**Motion**")² of the Debtors, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authorization to retain Wyse Advisors, LLC ("**Wyse**") to provide the Debtors with a and designate Michael Wyse as the Debtors' CRO, *nunc pro tunc* to the Petition Date pursuant to the terms set forth in the Engagement Letter annex as <u>Exhibit B</u> to the Motion and the Wyse Declaration annexed to the Motion as <u>Exhibit C</u>, all as more fully described in the Motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

---

¹ The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: The Original Soupman, Inc. (0182); Soupman, Inc. (8630); and Kiosk Concepts, Inc. (4839).  The location of the Debtors' corporate headquarters and the service address for all Debtors is 1110 South Ave. Suite 100, Staten Island, NY 10314.

² Capitalized terms used but not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

notice of the Motion having been provided under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties- in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, to the extent set forth herein.

2. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to retain Wyse to provide the Debtors with a CRO and to designate Michael Wyse as CRO, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Motion or any Exhibits related thereto to the contrary:

    (a) Wyse and its affiliates shall not act in any other capacity (for example, and without limitation, claims agent/claims administrator or investor/acquirer) in connection with the above- captioned cases.

    (b) In the event the Debtors seek to have Wyse personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

(c) No principal, employee, or independent contractor of Wyse and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(d) Wyse shall file with the Court, and provide notice to the United States Trustee ("**U.S. Trustee**"), a staffing report for the immediately preceding month. Such report shall contain summary charts which describe the services provided and itemize the expenses incurred. All reports shall be subject to review by the Court in the event an objection is filed. Notwithstanding the requirements of paragraph (d) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Wyse for fees and expenses incurred in connection with Wyse's retention.

(e) Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon the involuntary conversion of the case, dismissal of the case for cause, or appointment of a trustee. Any such request for additional or further compensation other than disclosed fees and expenses of Wyse shall be requested by separate application to the Court on at least 21 days' notice to those parties who are to receive quarterly and final fee applications in the Cases.

(f) For a period of three years after the conclusion of the engagement, neither Wyse nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

(g) Wyse shall disclose any and all facts that may have a bearing on whether Wyse, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. Notwithstanding anything to contrary contained herein, any payment to be made or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under the Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing and Grant Security Interests and Superpriority Administrative Status; (II) Modifying the Automatic Stay; (III) Authorizing the Debtors to Enter Into Agreements with Soupman Lending LLC; (IV) Authorizing the Use of Cash Collateral; (V) Scheduling a Final Hearing and (VI) Granting

59082141.4

Related Relief (as such order may be amended, modified, supplemented or granted on a final basis).

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Motion, and this Order, the terms of this Order shall govern.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order and the Engagement Letter.

Dated: _____, 2017
Wilmington, Delaware

                              Judge Laurie Selber Silverstein
                              United States Bankruptcy Judge

59082141.4