**Exhibit C**

**Wyse Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>THE ORIGINAL SOUPMAN, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 17-11313 (LSS)<br><br>Jointly Administered |

**DECLARATION OF MICHAEL WYSE IN SUPPORT OF MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 363(B) TO (I) RETAIN YWISE ADVISORS LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND (II) DESIGNATE MICHAEL WYSE AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Michael Wyse, hereby declare under penalty of perjury that:

1. I am the Managing Partner of Wyse Advisors LLC ("**Wyse**"), a boutique restructuring/financial advisory services firm with offices in New York, New York. I submit this declaration on behalf of Wyse (the "**Declaration**") in support of the *Motion of the Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to (i) Retain Wyse Advisors LLC to Provide the Debtors a Chief Restructuring Officer and (ii) Designate Michael Wyse as Chief Restructuring Officer for the Debtors, Nunc Pro Tunc to the Petition Date* (the "**Motion**").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

**I.     DISINTERESTEDNESS AND ELIGIBILITY**

2. Wyse (the "**Firm**") utilizes certain procedures (the "**Firm Procedures**") to determine its relationships, if any, to parties that may have a connection to any of the Debtors in

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: The Original Soupman, Inc. (0182); Soupman, Inc. (8630); and Kiosk Concepts, Inc. (4839). The location of the Debtors' corporate headquarters and the service address for all Debtors is 1110 South Ave. Suite 100, Staten Island, NY 10314.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

59082141.4

the Chapter 11 Cases. In implementing the Firm Procedures, the following actions were taken to identify parties that may have connections to the Debtors and to determine the Firm's relationship with such parties:

    (a)    Wyse requested and obtained from the Debtors extensive lists of interested parties and significant creditors (the "**Potential Parties in Interest**").[3] The list of Potential Parties in Interest which Wyse reviewed is annexed hereto as <u>Schedule A</u>. The Potential Parties in Interest reviewed include, among others, the Debtors and their known affiliates, prepetition and proposed post-petition lenders, current and former officers and directors, significant unsecured creditors of the Debtors (on a consolidated basis), significant litigation parties, parties holding ownership interests in the Debtors and various professionals related to the Engagement.

    (b)    Wyse then compared the names of each of the Potential Parties in Interest to the names in the database of the Firm's current and former clients (the "**Client Database**"). The Client Database generally includes the name of each client of Wyse, the name of each party who is or was known to be adverse to such client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or has had, a substantial role with regard to the subject matter of the Firm's retention.

    (c)    Known connections between former or recent clients of the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in <u>Schedule B</u> annexed hereto.

3.    As a result of the Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, Wyse:

    (a)    is not a creditor of the Debtors (including by reason of unpaid fees for prepetition services) or an equity security holder of the Debtors;

    (b)    is not and has not been, within 2 years before the date of the filing of the petition, a director, officer (other than by virtue of Wyse employees serving in the roles sought to approved by the Court, prepetition and post petition, as described in the Motion ), or an employee of the Debtors; and

---

[3] As may be necessary, Wyse will supplement this Declaration if it becomes aware of a relationship that may adversely affect Wyse's retention in the Chapter 11 Cases or would otherwise require disclosure.

2

(c) does not have any interest materially adverse to the interests of the Debtors' estates, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

4. As part of its diverse practice, the Firm appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in the Debtors' Chapter 11 Cases. Further, Wyse has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of which may be involved in these proceedings. Based on my current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtors in matters upon which the Firm is to be retained, and none are in connection with the Chapter 11 Cases.

## II. Background to Engagement

33. The Debtors initially employed the Firm in mid-May 2017 to pursue investment transactions to support the Debtors' capital structure. The Firm's original engagement, therefore, contemplated a success fee if the Firm obtained an investment or debtor-in-possession financing for the Debtors. When it became clear that the Debtors would need to file the Cases, the Firm agreed to waive all prepetition fees and to only seek compensation under the Engagement Agreement. The Firm's uncompensated efforts in obtaining the DIP financing, as detailed in the First Day Declaration, are the reason the Cases proceed today.

34. In addition, shortly after the Debtors' former CFO was indicted for failure to pay certain payroll and withholding taxes for the period 2010 to 2014, I agreed to absorb the duties of

the Debtors' CFO. Under the Engagement Agreement, I will continue to provide those services as the CRO to the Debtors for the duration of the engagement.

5. If any new material relevant facts or relationships are discovered or arise, Wyse will promptly file a supplemental declaration.

## II. COMPENSATION

6. Subject to Court approval of the Motion and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable U.S. Trustee guidelines, and the Local Rules for of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Wyse will receive a flat fee of $35,000 for the first two months of this engagement and a flat fee of $25,000 for the remaining months of the engagement, and a payment of $300,000.00 upon closing of a sale of substantially all the Debtors' assets, subject to reasonableness approval by the Court, and reimbursement of actual and necessary expenses incurred by Wyse.

7. To the best of my knowledge, (i) no commitments have been made or received by Wyse with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) Wyse has no agreement with any other entity to share with such entity any compensation received by Wyse in connection with the Chapter 11 Cases.

8. By reason of the foregoing, I believe Wyse is eligible for retention by the Debtors pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York            By:    /s/ Michael Wyse
       June 22, 2017                                          Michael Wyse
                                                                          Managing Partner

59082141.4

## Schedule A

## Potential Interested Parties

59082141.4

**DIP Lender**

Soupman Lending, LLC

**Secured Debt**

Hillair Capital Investments, L.P.
Penny Fern Hart

**Unsecured Notes**

Alistar Angus
Elite Consulting
Jeff Freedman
Jennifer Schoch
Keith Buhrdorf
Mark Hellner
Park100 Foods, Inc.
Perry Trebatch
Steven Benaderet
William Goggins
Victoria Sutherland

**Factors**

Platinum Rapid Funding Group Ltd.
PowerUp Lending Group, Ltd.

**Trade Creditors**

Advantage Solutions
Baker Tilly Virchow Krause, LLP
Barbara Axelson
Bender Group, LLC
BNSF Logistics
Broadridge ICS
C. P. Craska, Inc.
C.H.Robinson Worldwide,Inc.
Carlson Specialty
CT Corporation
Dynamic Sheet Metal Ltd.
Edgar Filings, LLC
Eisner Amper
Executive Suites at the Gardens, LLC
FDOT Turnpike Enterprise
Fedex
FMI Show Management
Full Circle Marketing, LLC

Gage Spencer & Fleming LLP
Golden needle
Gracin & Marlow, LLP
Great Northern Corporation
Great Western Transportation
Grocery Headquarters
HEB
Howard Teich
Hughes Hubbard & Reed, LLP
IBM Corporation
InStore Audio Network
IPMF, LLC
IRT MFG, LLC.
KeyFood
LaGrou Distribution System, Inc.
Law Offices of Timothy Kebbe
Malone Bailey LLP
Marcum LLP
Milano Promotional Services, Inc.
New York State Department of Labor
Niall Madden, LLC.
Park100 Foods, Inc.
PCG Advisory Group
Preferred Freezer Services
PromoWorks
RBS Media Group, LLC
Robinson Brog Leinwand Greene Genovese
Ronald Lawrence Crane
Shaw's Supermarkets
Shepard Expositions
Sheppard Mullin
Shore Tel
Simplicit Consulting
Tetra Pak, Inc.
TLK Marketing
TRW Law Group
United Imaging
UPS
V Stock Transfer
Wakefern Food Corp
William Ciaramello
Wixon

**Landlord**

The Nicotra Group LLC

59082141.4

**Insurance Carriers**

Liberty Insurance Underwriters Inc.
Seneca Insurance Company, Inc.
Vanbridge LLC

**Directors and Officers**

Jamieson Karson
Randy Beller

**5% or More Equity Holders**

Anthony Perosi
Jamieson Karson
Lisa Corso
Penny Hart
Perry Trebatch
Randy Beller
Tom Cappa
Wealth Colony, LLC

**Professionals**

Polsinelli PC
Wyse Advisors LLC
Epiq Bankruptcy Solutions LLC

**Bankruptcy Judges**

Brendan L. Shannon
Kevin J. Carey
Kevin Gross
Laurie Selber Silverstein
Christopher S. Sontchi
Mary F. Walrath

**US Trustee Office**

Andy Vara

**Significant Customers**u

C&S Wholesale Grocers
HEB Grocery Company, LP
The Kroger Company

Publix Super Markets, Inc.
Wegmans
Food Markets, Inc.

2

59082141.4

**Schedule B**

**Disclosures**

None.

59082141.4