**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SOUP LIQUIDATION LLC, *et al.*,[1] | Case No. 17-11313 (LSS) |
| Debtors. | **Hearing Date: February 22, 2018 at 10:30 a.m. (ET)**<br>**Objection Deadline: February 15, 2018 at 4:00 p.m. (ET)** |

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO U.S.C. §§ 105(a) AND 363, AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 6004 (I) APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS; AND (II) GRANTING RELATED RELIEF**

David W. Carickhoff, the chapter 7 trustee (the "Trustee") of the estates of the above captioned debtors (the "Debtor"), hereby moves this Court (the "Motion") under sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for entry of an order substantially in the form annexed as **Exhibit A** hereto that: (i) approves the sale of the Acquired Assets (as defined below) to Soupman Lending, LLC (or to a higher bidder) pursuant to the asset purchase agreement attached hereto as **Exhibit B** (as such may be modified or amended from time to time, and including all schedules and exhibits attached thereto, the "Asset Purchase Agreement") free and clear of all liens, claims, interests, and encumbrances; and (ii) grants related relief. In support of this Motion, the Trustee respectfully represents as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: The Original Soupman, Inc. (0182); Soupman, Inc. (8630); and Kiosk Concepts, Inc. (4839).

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (N). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule 6004-1.

**BACKGROUND**

3. On June 13, 2017 (the "Petition Date"), each of the Debtors filed voluntary petitions under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")

4. On November 13, 2015, the Debtor filed an answer to the involuntary petition.

5. On October 31, 2017, the Bankruptcy Court converted the Debtors' cases to chapter 7.

6. On November 1, 2017, the Trustee was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

7. Prior to ceasing operations, the Debtors were manufacturers and distributors of soup and franchisors of restaurants

**THE PROPOSED SALE**

8. By this Motion, the Trustee seeks authority to sell, transfer, convey, assign and deliver all of Debtors' right, title, and interest in and to the following assets and claims (collectively the "Acquired Assets") to Soupman Lending, LLC (the "Buyer"), or to a higher bidder:

      i. Any and all claims and defenses that the Debtors' estates may have against the Debtors' current or former directors, officers, members or managers (the "Litigation Claims"). Notwithstanding the foregoing, the Trustee shall retain any defense (on a non-exclusive basis) against any claimant against the Debtors' Estates to the extent needed by the Trustee to object to claims filed against the Debtors; and

      ii. To the extent permissible under applicable law, all rights of the Trustee, the Debtors or the Estates under the Debtors' Executive Advantage Plus Insurance Policy from Liberty Insurance Underwriters Inc., as insurer, with a policy number DONYAAZMFK004 (the "D&O Policy") in connection with the Litigation Claims.

9. The D&O Policy is subject to a pre-petition insurance premium finance agreement. As set forth more fully below, the Buyer has agreed to pay the February, 2018 monthly premium on the D&O Policy in the amount of $7,447.56, so as to avoid potential termination of the D&O Policy. Absent this agreement, the Trustee likely would be unable to fund the February premium payment. The Trustee intends to close on a sale of the Acquired Assets prior to the end of February, so as to avoid the estates incurring additional monthly premium payment obligations.

10. The Trustee proposes to convey the Acquired Assets on an "as-is" "where-is" basis, but otherwise free and clear of all claims, liens and encumbrances, pursuant to sections 105, and 363 of the Bankruptcy Code. The Trustee submits that a successful sale of the Acquired Assets free and clear of liens, claims, and encumbrances pursuant to section 363 of the Bankruptcy Code is the best way to maximize the value of the Acquired Assets under the facts and circumstances of these cases.

11. In addition to the foregoing, below is a summary of certain key terms of the Asset Purchase Agreement:[2]

    i. <u>Assumed Liabilities</u>. Buyer shall assume and shall be responsible for payment of all financial obligations that may come due under or in connection with the D&O Policy from and after the Closing, including but not limited to any premiums, deductibles or self insured retentions.

    ii. <u>Purchase Price; Litigation Proceeds Sharing</u>. In consideration of the purchase, sale, assignment and conveyance of Debtors' right, title and interest in and to the Acquired Assets, Buyer agrees to pay the Trustee $5,000 cash (the "<u>Fixed Purchase Price</u>") at Closing (as defined below). In addition, as part of the purchase price, the Trustee and Buyer agree to share the gross proceeds of any recoveries associated with the Litigation Claims (however such gross proceeds are obtained, the "<u>Litigation Proceeds</u>") as follows:

        a. <u>First,</u> *pari passu* to satisfy: (i) the fees and expenses of the Trustee, in excess of $5,000, associated with the negotiation of this Agreement and the filing and prosecution of a motion with the Bankruptcy Court seeking entry of a Sale Order; and (ii) the reasonable fees and expenses of the Buyer associated with the negotiation of this Agreement and the filing and prosecution of a motion with the Bankruptcy Court seeking entry of a Sale Order; <u>provided however</u>, that the fees and expenses of Buyer to be satisfied hereunder from Litigation Proceeds shall in no event exceed the aggregate fees and expenses of the Trustee;

        b. <u>Second</u>, the next $50,000, of Litigation Proceeds to the Trustee;

        c. <u>Third</u>, the next $50,000, of Litigation Proceeds to the Buyer; and

        d. <u>Thereafter</u>, 80% of Litigation Proceeds to the Buyer and 20% of Litigation Proceeds to the Trustee.

    iii. <u>Payment of Fixed Purchase Price and Litigation Proceeds</u>. The Fixed Purchase Price shall be paid to the Trustee by check or wire transfer of immediately available funds simultaneously upon Closing (as defined below). Any Litigation Proceeds shall be paid to the Trustee within thirty (30) days of receipt by Buyer.

---

[2] The following summary is not comprehensive and is provided for convenience only. In the event of any inconsistency between the summary and the Purchase Agreement, the latter shall control. Parties are encouraged to review the Purchase Agreement in its entirety. Unless otherwise defined herein, capitalized terms used in this summary shall have the meanings ascribed to them in the Purchase Agreement.

      iv. <u>Subject to Higher and Better Offers</u>. The Asset Purchase Agreement and transaction contemplated therein is subject to higher and better offers.

      v. <u>Payment of Monthly Premium of D&O Policy</u>. Buyer agrees to pay the February, 2018 monthly premium on the D&O Policy in the amount of $7,447.56 (the "<u>Insurance Premium</u>"). If the Trustee accepts a higher and better offer for the Acquired Assets, such alternative purchaser's asset purchase agreement must provide that such purchaser is obligated to refund the Insurance Premium to Buyer within five (5) business days of closing.

      vi. <u>Closing</u>. Closing shall occur on the within ten (10) days after the sale of the Acquired Assets is approved by an order of the Bankruptcy Court (the "<u>Sale Order</u>").

      vii. <u>Relief from Bankruptcy Rule 6004(h)</u>. The Trustee seeks relief from the fourteen-day stay imposed by Bankruptcy Rule 6004(h).

12. Although the Asset Purchase Agreement is the culmination of good-faith and arms'-length negotiations, the Asset Purchase Agreement is subject to higher or better offers. If the Trustee receives any higher and better offers, he will conduct an auction before the sale hearing.

## RELIEF REQUESTED

13. By this Motion, the Trustee is requesting entry of an order (a) approving the sale of the Acquired Assets free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon and there against (collectively, the "<u>Liens</u>") (with such Liens attaching to the proceeds of sale in the same order of priority and to the same extent as such Liens were valid, perfected and enforceable prior to entry of the sale order and subject to the terms of the Purchase Agreement), to the Buyer; and (b) granting related relief.

**BASIS FOR RELIEF REQUESTED**

A. **The Proposed Sale of Assets Should Be Approved As a Product Of The Trustee's Exercise of Sound and Reasonable Business Judgment**

14. Section 363(b)(1) of the Bankruptcy Code provides: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides in relevant part: "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. This Court should approve the proposed sale if the Trustee demonstrates a sound business reason or justification in support thereof. *Myers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 179 (D. Del. 1991); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (section 363 sale should be approved if "the proposed sale is fair and equitable, . . . a good business reason [exists] for completing the sale and the transaction is in good faith"); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983).

16. Here, the proposed sale of Acquired Assets easily meets the "sound business reason" test. The proposed transaction shifts all litigation risk to the Buyer, while allowing the Debtors' estates to share in the upside of any litigation recoveries. Moreover, the Buyer is agreeing to pay the February Insurance Premium. Without this agreement, the Trustee would be unable to maintain the D&O Policy.

17. The Asset Purchase Agreement is the good faith product of arm's length negotiations among the parties, and represents, at worst, an estate neutral transaction (with substantial potential upside). Further, the Asset Purchase Agreement is subject to higher and better offers.

18. In light of the current circumstances, the Trustee's decision to convey the Acquired Assets at this time pursuant to the Asset Purchase Agreement is fully consistent with and should be approved as an exercise of sound business judgment.

**B.     The Sale of Assets Should be Approved Free and Clear of Liens Pursuant to Section 363(f) of the Bankruptcy Code**

19. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee seeks authority to sell and transfer the Acquired Assets free and clear of all Liens, with such Liens to attach to the proceeds of the sale in the same order of priority, and to the same extent as such Liens were valid, perfected, and/or enforceable immediately prior to the sale, subject to the terms of the Asset Purchase Agreement and any rights and defenses of the Trustee and other parties in interest with respect thereto. Section 363(f) of the Bankruptcy Code is written in the disjunctive and provides, in pertinent part:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)     such interest is in bona fide dispute; or
>
> (5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

20. A sale free and clear of Liens is necessary to maximize the value of the Acquired Assets. A sale subject to Liens would result in a lower purchase price and be of substantially less benefit to the bankruptcy estate. A sale free and clear of Liens is particularly appropriate under the circumstances because any Lien that exists immediately prior to the closing of any sale will attach to the sale proceeds with the same validity, priority, force and effect as it had at such time, subject to the rights and defenses of the Trustee or any party in interest. Moreover, any holder of a Lien that receives notice of the proposed sale and which fails to object should be deemed to consent to the proposed sale, thereby complying with section 363(f)(2) of the Bankruptcy Code. *Importantly, the Trustee is not aware of any party that could assert a Lien on the Acquired Assets.* Thus, the proposed sale satisfies section 363(f) of the Bankruptcy Code.

C. **Notice Of The Proposed Sale Is Reasonable Under The Circumstances**

21. The Trustee will send a copy of this Motion to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Buyer; (iii) any entities known to have expressed in writing an interest in purchasing the Acquired Assets to the Trustee; (iv) the Debtors' former directors, officers, managers and/or members; (v) the D&O insurance carrier; (vi) all entities known to have, or to have asserted, any lien, claim, encumbrance, right of first refusal, or other interest in or upon any of the Acquired Assets; and (vii) all entities that filed a notice of appearance and request for service of papers in these cases in accordance with Bankruptcy Rule 2002.

22. Accordingly, the Trustee submits that the notice to be provided to parties in interest is reasonable and appropriate and will be adequate to ensure that the value of the

Acquired Assets has been tested in the marketplace and that all interested parties have the opportunity to object to the proposed sale.

**D.    The Automatic Fourteen Day Stay Under Bankruptcy Rule 6004(h) Should Be Waived**

23.    Pursuant to Bankruptcy Rule 6004(h), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to section 363 of the Bankruptcy Code are automatically stayed for fourteen days after entry of the order.

24.    Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier on Bankruptcy suggests that the stay period should be eliminated to allow a sale or other transaction to close immediately where there has been no objection to the procedure. 10 *Collier on Bankruptcy* ¶ 6004.09 (15th ed. 1999).  Furthermore, Collier on Bankruptcy provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time necessary to file such appeal. *Id.*

25.    To preserve and maximize the value of the Acquired Assets, the Trustee seeks to close the sale within 10 days of an order entered approving the sale.  Thus, waiver of any applicable stay afforded by the Bankruptcy Rule 6004(h) is appropriate under the facts and circumstances of these cases.

**NOTICE**

26.    Notice of this Motion has been or will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Buyer; (iii) any entities known to have expressed in writing an interest in purchasing the assets to the Trustee; (iv) the Debtors' former directors, officers, managers and/or members; (v) the D&O insurance carrier (vi) all entities known to have, or to have asserted, any lien, claim, encumbrance, right of first refusal, or other

interest in or upon any of the Acquired Assets; and (vii) all entities that filed a notice of appearance and request for service of papers in these cases in accordance with Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary or required.

### NO PRIOR REQUEST

27.    No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests entry of an order substantially in the form annexed as **Exhibit A** (i) approving the sale of the Acquired Assets free and clear of all Liens (with such Liens attaching to the proceeds of sale as described above); and (ii) granting related relief.

Dated:  February 1, 2018            */s/ Alan M. Root*
                                    Alan M. Root (No. 5427)
                                    ARCHER & GREINER, P.C.
                                    300 Delaware Avenue, Suite 1100
                                    Wilmington, DE 19801
                                    Telephone: 302-777-4350
                                    Facsimile:  302-777-4352
                                    E-mail: aroot@archerlaw.com

                                    *Proposed Counsel for the Chapter 7 Trustee*

213888818v1