**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SOUP LIQUIDATION LLC, *et al.*[1], | Case No. 17-11313 (LSS) |
| Debtors. | **Re: Dkt. No. 245** |

**DECLARATION OF DAVID W. CARICKHOFF, THE CHAPTER 7 TRUSTEE, IN
SUPPORT OF MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER
PURSUANT TO U.S.C. §§ 105(a) AND 363, AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002 AND 6004 (I) APPROVING THE SALE OF CERTAIN
ASSETS OF THE DEBTORS; AND (II) GRANTING RELATED RELIEF**

I, David W. Carickhoff, hereby certify and declare as follows:

1.      On June 13, 2017 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") filed a voluntary petition under chapter 11 of Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court")

2.      On October 31, 2017, the Bankruptcy Court converted the Debtors' cases to chapter 7.

3.      On November 1, 2017, I was appointed as chapter 7 trustee of the Debtors' estates pursuant to section 701(a) of the Bankruptcy Code.

4.      Since my appointment as Trustee, I have been actively involved in efforts to liquidate and to maximize the value of the remaining assets of the Debtors' estate.

5.      To that end, on February 1, 2018, I caused the filing of *Motion of the Chapter 7 Trustee for Entry of an Order Under 11 U.S.C. §§ 105(a) and 363, and Federal Rules of*

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: The Original Soupman, Inc. (0182); Soupman, Inc. (8630); and Kiosk Concepts, Inc. (4839).

*Bankruptcy Procedure 2002 and 6004 (I) Approving the Sale of Certain Assets of the Debtors;
and (II) Granting Related Relief* [Docket No. 249] (the "Sale Motion").[2]

6.    The Sale Motion, seeks, among other things, authority to sell, transfer, convey, assign and deliver all of Debtors' right, title, and interest in and to Litigation Claims and the D&O Policy (the "Acquired Assets") free and clear of liens and encumbrances.

7.    In connection with the Sale Motion, I entered into an Asset Purchase Agreement with Soupman Lending, LLC (the "Buyer") for the purchase of the Acquired Assets (the "Purchase Agreement").

8.    The Purchase Agreement provides that it is subject to higher and better offers. Upon filing of the Sale Motion, I solicited competing offers for the Acquired Assets from parties identified as potentially interested in purchasing the Acquired Assets.

9.    Pursuant to the notice filed with the Sale Motion, the deadline to submit competing bids for the Acquired Assets was February 15, 2018. I received one inquiry from a potentially interested party, but as of the date hereof, I have not received any competing bids for the Acquired Assets.

10.    Accordingly, in the exercise of my business judgment, I have determined to pursue approval of the Purchase Agreement with the Buyer.

11.    The D&O Policy is subject to a pre-petition insurance premium finance agreement. The Buyer has agreed to pay the February, 2018 monthly premium on the D&O Policy in the amount of $7,447.56, so as to avoid potential termination of the D&O Policy. Absent this agreement, the I would be unable to fund the February premium payment. I intend

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

2

intend on closing on a sale of the Acquired Assets prior to the end of February, so as to avoid the estates incurring additional monthly premium payment obligations.

12.     The Purchase Agreement was negotiated with  the Buyer in good faith and at arms' length.

13.     The consideration provided by the Buyer pursuant to the Purchase Agreement is fair and adequate under the circumstances and constitutes reasonably equivalent value and fair consideration.  The consideration offered was the highest and best offer for the Acquired Assets.

14.     I respectfully submit that a sale of the Acquired Assets free and clear of liens, claims, and encumbrances pursuant to section 363 of the Bankruptcy Code and pursuant to the Purchase Agreement is the best way to maximize the value of Acquired Assets under the facts and circumstances of these cases.

15.     Accordingly, based on the foregoing, I believe that it is a sound exercise of my business judgment to sell the Acquired Assets to the Buyer pursuant to  Purchase Agreement and that such action is in the best interests of the Debtors' estates and creditors.

I declare under penalty of perjury under the laws of the United States that, based upon my knowledge, information and belief and representations made to me as set forth in this declaration, the foregoing is true and correct to the best of my knowledge.

Dated: February 21, 2018

David W. Carickhoff
Chapter 7 Trustee

114414883v1

3