## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 7 |
| Soup Liquidation, *et al.*,[1] | : Case No. 17-11313 (LSS) |
| Debtors. | : (Jointly Administered) |
| | : Related Doc. No. __263__ |

## ORDER GRANTING LIMITED RELIEF FROM AUTOMATIC STAY TO PERMIT PAYMENT OF LOSS UNDER THE POLICY

This matter having come before the Court on the Certification of Counsel[2] submitted by counsel for Jamieson Karson, Daniel Rubano, Ronald Crane, Rocco Fiorentino, Randy Beller, James Shipp, Tim Gannon, Lloyd Sugarman, and Arnold Casale (together, the "Officers/Directors") following the Officers/Directors' informal request for limited relief from the automatic stay of 11 U.S.C. §362 to permit Liberty to pay Loss (as defined in the Policy) pursuant to the Policy; and good and sufficient cause existing; it is hereby ordered that:

1. The automatic stay of 11 U.S.C. §362(a) – if and/or to the extent applicable – is hereby lifted, but only as specifically provided herein, and subject to the terms and conditions of this Order.

2. To the extent that the automatic stay of 11 U.S.C. §362(a) may be deemed to apply, Liberty is hereby authorized to pay Loss as defined in the Policy, up to an aggregate amount of $2 million (the "Cap"). The Cap may be increased without further order of the Court with the written consent of the Trustee. Nothing in this Order shall prejudice the rights of the

---

[1] The Debtors in these proceedings are: The Original Soupman, Inc.; Soupman, Inc.; and Kiosk Concepts.
[2] Capitalized terms not otherwise defined in this Order shall have the meanings provided in the Certification of Counsel.

\40177298\4

Officers/Directors, or any of them, to move this Court at a later date for an increase in the Cap, to the extent that the automatic stay of 11 U.S.C. §362(a) may be deemed to apply.

3. Except as specifically set forth in this Order, the automatic stay shall remain in full force and effect.

4. Except as specifically set forth in this Order, the rights and obligations of the Officers/Directors, the Debtors, the Estates, the Trustee, Soupman Lending, and Liberty are not modified or altered.

5. Nothing in this Order shall be deemed a waiver of any rights or defenses of Liberty under the Policy or applicable law. All such rights and defenses are preserved.

6. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this order. However, this order does not subject Liberty to the jurisdiction of the Court and does not obligate Liberty to pay or advance any such submitted defense costs and expenses under the Policy.

7. The entry of this order shall not prejudice the Officers/Directors' right to seek any further relief from this Court, including but not limited to further relief from the automatic stay with respect to the Policy.

8. The stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply and this Order shall be effective immediately upon entry.

Dated: May 6, 2019

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge

2

\40177298\4